UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL FLEMING,

        Plaintiff,                       CIVIL ACTION NO. 07-12511

     v.                                   DISTRICT JUDGE MARIANNE O. BATTANI

OFFICER DETTLOFF, OFFICER         MAGISTRATE JUDGE VIRGINIA MORGAN
WOLDIFF, OFFICER VANGORDON,
and OFFICER ERNEST,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

     This matter comes before the court on Defendants' Motion for Summary Judgment (D/E #21). Plaintiff filed a response (D/E #23). For the reasons stated below, this court recommends that defendants' motion be **GRANTED** on the basis that plaintiff failed to properly exhaust his administrative remedies.

**II. Background**

     This is a *pro se* prisoner civil rights action under 42 U.S.C. § 1983. Originally filed in the Western District of Michigan on May 14, 2007, the action was transferred to the Eastern District on June 12, 2007 because the events alleged occurred at the Huron Valley Men's

-1-

("HVM") facility in Ypsilanti, Michigan, which is located within the jurisdiction of the Eastern District of Michigan. (D/E #1).

In the complaint, plaintiff alleges that, on July 8 or July 9, 2005, defendant Dettloff deliberately and intentionally created a hostile environment by having inmates call plaintiff a rat. Plaintiff also alleged that, on July 9, 2005, Dettloff persuaded the other defendants to tear up plaintiff's legal work and to write notices to the department of mental health stating that plaintiff needed to be evaluated. Plaintiff further alleged that defendants conspired to cause plaintiff physical harm by telling everyone that plaintiff was a homosexual and a snitch. Lastly, plaintiff alleged that Dettloff persuaded other correctional officers to cite plaintiff for misconduct in order to max out plaintiff's sentence. (Complaint, pp. 1-3, part of D/E #1)

On November 8, 2007, defendants filed a motion for summary judgment (D/E #21). In that motion, defendants argue that they are entitled to summary judgment because plaintiff failed to properly exhaust his administrative remedies. Plaintiff never properly exhausted his administrative grievances against defendants because Woldiff, VanGordon and Ernest were never named in any grievance and the only grievance against Dettloff was rejected because it did not comply with Michigan Department of Corrections ("MDOC") policy.

On November 29, 2007, plaintiff filed a response to defendants' motion for summary judgment (D/E #23). In that response, plaintiff argues that he did present grievances at each of the three steps. Plaintiff also notes that he should be held to a less stringent standard because he is a *pro se* litigant.

**III. Standard of Review**

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**IV. Discussion**

Defendants argue that they are entitled to summary judgment because plaintiff failed to exhaust his administrative remedies. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq*., "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court. Jones v. Bock, __ U.S. __, __, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); Woodford v. Ngo, __ U.S. __, __, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including "compliance with an agency's deadlines and other critical procedural rules." Woodford, 126 S.Ct. at 2386 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").

Along with their brief, defendants attached five grievances that plaintiff addressed through Step III of the grievance process.[1] Two of the grievance were made directly to Step III

---

[1] According to defendants, MDOC keeps records of all grievances submitted through Step III and plaintiff filed five grievances while he was at HVM (Grievance Inquiry Printout for Plaintiff, attached as Exhibit 1 to Defendants' Motion for Summary Judgment)

-4-

of the grievance process pursuant to PD 03.02.130(S)[2] while the other three were initially made at Step I and appealed through Step III. Along with plaintiff's brief, he attached what he calls "all of the Step I, Step II, and Step III grievances filed in this matter" (Plaintiff's Brief, p. 2), but all of his exhibits only concern Step I grievances. Each of the grievances appealed through Step III and the direct grievances should be addressed in turn.

In grievance HVM 03-10-993-28h, (attached as Exhibit 5 to Defendants' Motion for Summary Judgment), filed September 25, 2003, plaintiff presented an issue that an Officer Weiss grabbed his penis during a shakedown. The grievance was rejected at Step III. As noted by defendants, Officer Weiss is not a party to this action.

In grievance HVM 04-01-090-28j, (attached as Exhibit 6 to Defendants' Motion for Summary Judgment), filed in January 2004, plaintiff alleged that the Grievance Coordinator indicated to him that plaintiff would not be able to file a grievance to the Inspector. The Step II response to this grievance against the Grievance Coordinator alludes to a grievance against Van Gordon that was responded earlier, HVM-03-08-0820 26a, but the grievance against Van Gordon is not provided. Grievance HVM 04-01-090-28j was rejected at Step III. As noted by defendants, the Grievance Coordinator is not a party to this action.

In direct grievance #171328 (attached as Exhibit 2 to Defendants' Motion for Summary Judgment; ), filed March 5, 2005, plaintiff made allegations regarding staff humiliation of mentally ill prisoners, including a claim that Dettloff called plaintiff a homosexual. Plaintiff also

---

[2]Pursuant to PD 03.02.130(S), a prisoner could file a direct grievance directly to Step III if the matter concerned racial or ethnic discrimination or staff brutality or corruption.

alleged that Van Gordon assaulted plaintiff and that Ernest ignored what was going on. Direct grievance #171328 was not decided on its merits and, instead, it was returned unprocessed for submission at Step I. There is no evidence that plaintiff followed up with the grievance at Step I, but that could be because plaintiff had already filed a similar grievance at Step I.

In direct grievance #173824, (attached as Exhibit 3 to Defendants' Motion for Summary Judgment; rejection attached as part of Exhibit F to Plaintiff's Response), filed April 24, 2005, plaintiff claimed that he had filed grievances that were rejected by the HVM Grievance Coordinator and that the matter remains unresolved.[3] In the response, #173824 was rejected and returned unprocessed because it presented multiple issues, some of the issues were untimely, some of the issues were not grievable, and some of the issues had already been submitted at Step I and should have been appealed to Step II instead of being part of a direct grievance.

In grievance HVM 05-05-253-27b (attached as Exhibit 4 to Defendants' Motion for Summary Judgment), received on May 6, 2005, plaintiff had a detailed complaint making numerous allegations regarding Dettloff's behavior in the years 2003 and 2004, as well as a claim that Dettloff improperly wrote plaintiff up for misconduct on March 5, 2005. The grievance was rejected at Step I because (1) "it is about the content of Department-wide policy and procedure", (2) three of the grievances used in the complaint as examples of Dettloff's improper behavior had not been exhausted (HVM 05-03-0151-17i; HVM 05-03-175-28b; HVM

---

[3]The grievances that plaintiff claimed were rejected by HVM Grievance Coordinator and remains unresolved included HVM-05-03-0150-17i, HVM-05-03-0175-28b, HVM-05-01-73128-17A, HVM 05-04-0207-27a. All of those Step I grievances concerned Dettloff, but there is no record of them being appealed through the grievance process.

05-04-0207-27z) while the other example was not a valid grievance number (HVM 05-01-71328), and (3) misconduct hearing results are not grievable. At Step II, the grievance was rejected the portion of the complaint dealing with the years 2003 and 2004 were untimely, and because the portion of the complaint dealing with the misconduct hearing was outside the grievance process and the finding of misconduct had not been reversed. At Step III, the rejection was affirmed for the same reasons stated at Step III.

In plaintiff's brief, he asserts that "[w] regards to defendants' assertion that Plaintiff has not exhausted his 'available' remedies per 42 U.S.C. § 1997e(a). Plaintiff would simply point this Honorable Court to the grievances themselves." (Plaintiff's Brief, p. 2) However, none of the grievances provided by plaintiff or defendants demonstrate that plaintiff ever properly exhausted his administrative grievances against any of the defendants. Two of the grievances, HVM 03-10-993-28h and HVM 04-01-090-28j, were not made against any of the defendants. The two direct grievances, #171328 and #173824, were not addressed on the merits because they were inappropriate for direct review and, instead, they were returned to plaintiff so he could file Step I grievances. Grievance HVM 05-05-253-27b was against Dettloff and it was appealed through Step III, but it was not addressed on the merits at either Step II or Step III because plaintiff's claims were either untimely or unreviewable. As discussed above, exhaustion must be proper, including "compliance with an agency's deadlines and other critical procedural rules." Woodford, 126 S.Ct. at 2386. In this case, plaintiff has failed to properly exhaust his administrative remedies and his claim cannot proceed.

**V. Conclusion**

For the reasons discussed above, the court recommends that defendants' motion be **GRANTED** on the basis that plaintiff failed to properly exhaust his administrative remedies.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                              s/Virginia M. Morgan
                                              Virginia M. Morgan
                                              United States Magistrate Judge

Dated: March 14, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on March 14, 2008.

               s/Jane Johnson
               Case Manager to
               Magistrate Judge Virginia M. Morgan