# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL FLEMING,

        Plaintiff,

v.

OFFICER DETTLOFF, OFFICER WOLDIFF, OFFICER VANGORDON, and OFFICER ERNEST

        Defendants.

CASE NO. 07-12511
HON. MARIANNE O. BATTANI

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court are Plaintiff's Objections to Magistrate Judge Virginia Morgan's Report and Recommendation (Doc. #24). The Magistrate Judge, ruling on Defendants' motion for summary judgment, found that Plaintiff failed to properly exhaust the necessary administrative remedies prior to filing his pro se civil rights action under 42 U.S.C. § 1983 claim.

Plaintiff objected to the Magistrate Judge's Report and Recommendation, arguing that his multiple rejected grievances indicate that he attempted to exhaust the administrative remedies. Plaintiff later filed an amendment to his objection, acknowledging that his grievances were procedurally deficient, but that these deficiencies should be excused because of his mental incompetence.

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate" judge.  Id.  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The case at hand arises out of Plaintiff's incarceration at the Huron Valley Men's Facility in Ypsilanti, Michigan, where Defendants allegedly created an hostile environment in violation of Plaintiff's civil rights.  He specifically alleges that Defendant Dettloff told other inmates that Plaintiff was an informant and a homosexual, wrote notices recommending Plaintiff be psychologically evaluated, and conspired with the other Defendants to increase Plaintiff's sentence by falsely citing Plaintiff for misconduct.

The Court agrees with the Magistrate Judge that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e *et seq*.  Under the PLRA, prison litigation brought under 42 U.S.C. § 1983 may only be brought after available administrative remedies have been exhausted.  42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted").

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).  As Woodford makes clear, a grievance that is improperly filed and thus fails to meet the procedural requirements of the administrative body does not satisfy the exhaustion requirement

of the PLRA. Here, the Magistrate Judge found, and Plaintiff acknowledges, that Plaintiff's attempts to exhaust were deficient, as he failed to follow the necessary grievance procedure or the necessary appeals procedure to fully exhaust the available administrative remedies. The Court, considering the uncontroverted evidence, agrees with both, and finds that Plaintiff has not properly exhausted his administrative remedies in violation of the PLRA.

Plaintiff contends that the Court should excuse the procedural deficiencies of his grievances because he is mentally incompetent, citing to Andrews v. Orr for support. Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988) (finding equitable tolling of procedural requirements is appropriate where Plaintiff could show: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.")

While it is plain to the Court that Plaintiff is a participant in the Corrections Mental Health Program provided by the prison, Plaintiff has presented no evidence of mental incompetency beyond allegations and conclusory statements in the pleadings. Without evidence to support this claim, it cannot survive summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (holding a party opposing summary judgment "may not rest upon the mere allegations or denials" but "must set forth specific facts showing that there is a genuine issue for trial"). Thus, the claim of mental incompetency is insufficient to survive summary judgment, as there is no genuine issue of material fact.

Because there is no viable excuse for Plaintiff's failure to exhaust, the claim must be dismissed pursuant to the PLRA. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 914 (2007).

The Court therefore **ADOPTS** the Report & Recommendation in its entirety, **GRANTS** Defendants' motion for summary judgment, and **DISMISSES** Plaintiff's complaint.

**IT IS SO ORDERED.**

                                                  s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: June 24, 2008

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                                  s/Bernadette M. Thebolt
DEPUTY CLERK